UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY GARDNER,

  Plaintiff,

    v.           Civil Action No.  13-1078 (JEB)

RAYMOND EDWIN MABUS, JR.,

  Defendant.

**MEMORANDUM OPINION**

  Plaintiff Stanley Gardner has brought this *pro se* action against Raymond Mabus, Jr., the Secretary of the Navy, complaining that he was wrongfully terminated in violation of Title VII, the Age Discrimination in Employment Act, and the Rehabilitation Act.  Secretary Mabus has now moved to dismiss, for summary judgment, or for venue transfer.  As he is correct that the interests of justice favor venue in the Eastern District of Virginia, the Court will grant the Motion and transfer the case there.

**I. Legal Standard**

  When presented with a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)).  The Court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings.  Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).  "Because it is the

1

plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826, at 258 (2d ed. 1986 & Supp. 2006) ("When venue is challenged, the burden is on the plaintiff to establish that the district he chooses is a proper venue."). To prevail on a motion to dismiss for improper venue, however, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009). Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

## II. Analysis

The Court must consider venue for Plaintiff's Title VII and Rehabilitation Act claims separately from venue for his ADEA claim.

### A. Title VII and Rehabilitation Act

Venue in Title VII cases is governed by statute. In addition, "[t]he venue provisions of Title VII also apply to causes of action which are brought under the [Rehabilitation Act]." Archuleta v. Sullivan, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794(a)(1)). A Title VII action may be properly brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3). "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." Id.

Plaintiff does not dispute that the District of Columbia fails all three tests. First, his pleadings make clear that the alleged discrimination occurred in the Norfolk, Virginia, naval shipyard. See ECF No. 13 (Pl. Opp., styled "Motion to dismiss defendant[']s motion for case dismissal and change of venue") at 1. Second, Plaintiff's personnel folder is located at the National Personnel Records Center in Valmeyer, Illinois, and other records are maintained in Virginia, not the District of Columbia. See Mot. at 15. Third, Plaintiff would have remained working at the shipyard in Virginia but for his termination. Finally, there is no question that Secretary Mabus in his official capacity can be "found" in Virginia. Venue for both the Title VII and Rehabilitation Act claims is thus proper in Virginia, not here.

    B. ADEA

Unlike the prior causes of action, venue for ADEA claims is not governed by a specific statute, but instead falls under the general venue statute. See In re O'Leska, 2000 WL 1946653, at *1 (D.C. Cir. 2000). "Under the general venue statute, actions against an officer or employee of the United States acting in his official capacity may be brought where (1) a defendant in the action resides, (2) a substantial part of the events giving rise to the claim arose, or (3) the plaintiff resides." Id. (citing 28 U.S.C. § 1391(e)). In this case, since Plaintiff resides in the District of Columbia, the case may be brought here or in Virginia.

There is little reason here to split Plaintiff's claims – *i.e.*, keeping the ADEA one here and transferring the other two to Virginia. The D.C. Circuit agrees with this principle: "It is in the interest of justice to transfer the entire complaint rather than have it heard in two different venues." Id. (citing § 1404(a)). "[A] district court may transfer any civil action to any other district where it might have been brought." Id. (citing 28 U.S.C. § 1404(a)). It thus makes sense here to transfer the matter to the Eastern District of Virginia, which may entertain the entire suit.

3

The only way to keep the whole case here would be through the "pendent venue" doctrine, which permits a court to hear causes of action not properly venued in its district when they are joined in a suit with a cause of action that is properly there.  See, e.g., Coltrane v. Lappin, 885 F. Supp. 2d 228, 234 (D.D.C. 2012).  Yet, even if the doctrine applied, the Court believes the case should not remain here both because the specific-venue provisions may control, see Dehaemers v. Wynne, 522 F. Supp. 2d 240, 249 (D.D.C. 2007), and because convenience of the witnesses and judicial efficiency counsel hearing the case in Virginia, where all the evidence and witnesses (aside from Plaintiff) are found.  See Reuber v. United States, 750 F.2d 1039, 1048 (D.C. Cir. 1984), overruled on other grounds by Kauffman v. Anglo-Am. Sch. of Sofia, 28 F.3d 1223 (D.C. Cir. 1994).

### III. Conclusion

An Order accompanying this Memorandum Opinion will grant Defendant's Motion and transfer the case to the Eastern District of Virginia.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  June 20, 2014